UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY HYMAN, individually and on                          :
behalf of the collective,

                                                            :

                        Plaintiffs,               :        REPORT & RECOMMENDATION

       -v-                                        :        18 Civ. 5779 (GBD) (GWG)

G&G PELHAM FOOD CORP., BORIS ISRAEL,   :
and RAPHAEL MONTES,

                                                            :

                        Defendants.
                                                            :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Anthony Hyman brought this action on behalf of himself and all others similarly

situated against defendants G&G Pelham Food Corp. ("G&G"), Boris Israel, and Raphael

Montes alleging that he was fired on the basis of race in violation of the New York State Human

Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL"); the New York City Human Rights

Law, N.Y. City Admin. Code §§ 8-101 to 131 ("NYCHRL"); Title VII of the Civil Rights Act,

42 U.S.C. § 2000e-5 ("Title VII"); and 42 U.S.C. § 1981 ("Section 1981").  Hyman also made

claims for unpaid wages and unpaid overtime under the New York Labor Law §§ 190 et seq.

("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA").  Hyman now

seeks a default judgment against G&G.[1]

_____

        [1]  See Motion for Default Judgment, filed June 5, 2019 (Docket # 35); Affirmation of
Catherine E. Anderson in Support of Motion for Default Judgment, filed June 5, 2019 (Docket
# 35-1) ("Anderson I Aff."); Affirmation of Catherine E. Anderson in Support of Proposed
Findings of Fact and Conclusions of Law Concerning Damages, filed Oct. 11, 2019 (Docket
# 41) ("Anderson II Aff."); Proposed Findings of Fact and Conclusions of Law Concerning
Damages, filed Oct. 11, 2019 (Docket # 41-1) ("Proposed Findings"); Affidavit of Anthony
Hyman, filed Dec. 12, 2019 (Docket # 46) ("Hyman Aff.").

We conclude that judgment should be entered against G&G in the amount of $36,000.

I. <u>PROCEDURAL BACKGROUND</u>

Hyman filed the complaint in this action on June 26, 2018.  <u>See</u> Complaint, filed June 26, 2018 (Docket # 1) ("Compl.").  G&G filed an answer to the complaint through its attorney, Steven Schaffer.  <u>See</u> First Amended Answer, filed July 25, 2018 (Docket # 14).  Schaffer later filed letters with the Court on February 8, 2019, indicating that G&G had "relieved and terminated" him "as its attorney in this action."  <u>See</u> Letter from Steven Schaffer, dated Feb. 8, 2019 (Docket # 23); Letter from Steven Schaffer, dated Feb. 8, 2019 (Docket # 24).  On March 17, 2019, Schaffer filed a declaration stating that G&G was "closed" and "would likely not be further defending the case."  <u>See</u> Unsworn Declaration of Steven Schaffer, Esq. — Compliance with Order Dated February 21, 2019, dated March 16, 2019 (Docket # 29) at *2.[2]  The Court issued an order relieving Schaffer as attorney for G&G on April 22, 2019.  <u>See</u> Order Relieving Steven Schaffer, Esq. as Attorney for Defendant G&G Pelham Food Corp., filed April 22, 2019 (Docket # 34).  That same order deemed G&G to be in default.  <u>Id.</u>

On June 5, 2019, Hyman brought a motion for default judgment against G&G, <u>see</u> Motion for Default Judgment, which included an accompanying affirmation by his attorney in support of the motion for default judgment, <u>see</u> Anderson I Aff.  The motion for default judgment was granted on August 13, 2019.  <u>See</u> Order Granting Motion for Default Judgment, filed Aug. 13, 2019 (Docket # 36).  The case was subsequently referred to the undersigned for an

---

[2] "*__" indicates a page number assigned by the Court's ECF system.

inquest on damages.  See Amended Order of Reference to a Magistrate Judge, filed Aug. 13, 2019 (Docket # 37).

On August 14, 2019, the Court issued an order directing Hyman to file Proposed Findings of Fact and Conclusions of Law.  See Scheduling Order for Damages Inquest, filed Aug. 14, 2019 (Docket # 38).  That Order required that the Proposed Findings give a summary of "what damage amount (or other monetary relief) is being sought, including the exact dollar amount being sought."  Id. at 1.  On October 11, 2019, Hyman filed Proposed Findings of Fact and Conclusions of Law and an affirmation from his attorney.  See Proposed Findings; see also Anderson II Aff.  The Proposed Findings sought damages of $36,000 for his discrimination claims.  See Proposed Findings at *2.  Unlike his original request for a default judgment, the Proposed Findings and its accompanying papers did not seek a judgment for damages on his FLSA or NYLL claims.  See Anderson II Aff. ¶ 10 (seeking $36,0000 in damages under discrimination claims).

On November 11, 2019, the Court filed an order noting that Hyman had "not filed an affidavit from anyone with personal knowledge of the facts relating to damages" and instead had "submitted the affidavit of his attorney, who has no personal knowledge of these matters and who instead relies on the allegations of the complaint."  See November 12, 2019 Order (Docket # 43).  Hyman subsequently filed an affidavit.  See Hyman Aff.  G&G did not file a response to any of Hyman's filings on damages.

II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  Facts Relating to Liability

In light of G&G's default, the Court accepts as true the well-pleaded allegations in the complaint, with the exception of those allegations relating to damages.  See, e.g., Union of

Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted).  As to damages, a district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). This inquiry requires the district court to: (1) "determin[e] the proper rule for calculating damages on . . . a claim" and (2) "assess[] plaintiff's evidence supporting the damages to be determined under this rule."  Id.

Federal Rule of Civil Procedure 55(b)(2) "allows but does not require" the district court to conduct a hearing on the damages amount.  Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("[T]he court may conduct such hearings or order such references as it deems necessary and proper.") (internal quotation marks and citation omitted).  In this case, the Court finds that a hearing is unnecessary inasmuch as Hyman's submissions have not been contested and they provide all the information needed to determine Hyman's damages.

The Proposed Findings seek damages only for the discrimination claims.[3]  Hyman began his employment at the Green Apple Supermarket ("Green Apple") located at 640 Pelham Parkway in the Bronx in the spring of 2013.  Compl. ¶ 10.  In April 2017, Green Apple was

_____

[3]  As noted, Hyman's complaint also alleges claims under the FLSA and NYLL for failure to pay the minimum wage as well as overtime wages.  See Compl. ¶¶ 23-51.  While Hyman's affidavit briefly describes such damages, see Hyman Aff. ¶ 3, these damages are not requested in the Proposed Findings and thus we do not consider them.  See Scheduling Order for Damages Inquest ¶ 1 (requiring that the Proposed Findings set forth "what damage amount (or other monetary relief) is being sought, including the exact dollar amount being sought").

acquired by G&G and began to do business as "C-Town."  Id. ¶ 16.  Hyman was the only

African-American employee at this point in time.  Id. ¶ 15.  On April 24, 2017, Hyman's

employment at C-Town was terminated.  Id. ¶ 18.  Hyman was told that he was a good worker

and the customers at C-Town thought very highly of him.  Id. ¶¶ 18, 21.  However, his

supervisor commented that if Hyman "spoke Spanish like [the supervisor's] son's black friends

did," then his supervisor would have continued Hyman's employment.  Id. ¶ 18.  Hyman replied

that this was the first he had heard of a Spanish language requirement for his position and that

the remark sounded like racial discrimination.  Id.  Hyman was informed that he had been

replaced by two men of Dominican heritage.  Id.  After he was terminated, Hyman was

interviewed by Channel 1 News about his termination.  Id. ¶ 19.  Hyman's supervisor was also

interviewed by the news station, and told the station that Hyman was let go because he was a

"bad worker."  Id.  Hyman asserts his termination was discrimination "on the basis of race, color,

ethnicity and national origin and retaliation in violation of" Title VII, NYSHRL, NYCHRL, and

Section 1981.  See Proposed Findings at *2; see also Compl. ¶ 22 ("As a result of the

discriminatory treatment of Mr. Hyman by Defendant G&G Pelham Food Corp, Mr. Hyman

suffered and continues to suffer monetary damages.").

      To state a claim for discrimination under Title VII, "a plaintiff must plausibly allege that

(1) the employer took adverse action against [him] and (2) [his] race, color, religion, sex, or

national origin was a motivating factor in the employment decision."  Vega v. Hempstead Union

Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015).  "If the court finds that" an employment

discrimination defendant "has intentionally engaged in or is intentionally engaging in an

unlawful employment practice charged in the complaint, the court may . . . order such

affirmative action as may be appropriate, which may include, but is not limited to, reinstatement

or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."  42 U.S.C. § 2000e-5(g)(1); see also Santiago v. Crown Heights Ctr. for Nursing & Rehab., 2017 WL 9482107, at *18 (E.D.N.Y. Feb. 24, 2017) ("Under Title VII, . . . the NYSHRL and the NYCHRL, a plaintiff is entitled to an award of back pay from the date of termination until the date of judgment."), adopted by 2017 WL 4410807 (E.D.N.Y. Sept. 30, 2017).  "An award of backpay [under Title VII] is the rule, not the exception."  Carrero v. N. Y. C. Hous. Auth., 890 F.2d 569, 580 (2d Cir. 1989).  Here, Hyman's complaint alleges facts sufficient to establish G&G's liability for his discrimination claims inasmuch as he plausibly alleges that he was discharged on the basis of his race.  See Compl. ¶¶ 16-21.[4]

B. Damages

As for damages, Hyman's Proposed Findings seek damages in the amount of $36,000, which is calculated by multiplying Hyman's $300 weekly salary by the 120 weeks between his termination on April 24, 2017, and entry of the Order of Default Judgment on April 13, 2019. See Proposed Findings at *2 n.1.  The 120-week period is the appropriate period of time for back pay.  See DeCurtis v. Upward Bound Int'l, Inc., 2011 WL 4549412, at *3 (S.D.N.Y. Sept. 27, 2011) ("A plaintiff is ordinarily entitled to an award of back pay from the date of her termination until the date of judgment.") (citation and quotation marks omitted).  Further, the contention that Hyman was paid $300 weekly is supported by his affidavit.  See Hyman Aff. ¶ 3 ("I was paid approximately $260 per week by the Supermarket.  In February 2015, I received a pay raise and

---

[4]  Hyman's Proposed Findings seek damages for discrimination under Title VII, the NYSHRL, the NYCHRL, and Section 1981 collectively.  Proposed Findings at *2-3.  Because we find that Hyman has established liability under Title VII and Hyman does not argue that he could obtain any additional damages under the other statutes, we do not address them.

was earning $300 per week.").  Accordingly, Hyman should be awarded a judgment of $36,000 for his discrimination claims.[5]

When the default judgment was first sought, Hyman's attorney submitted an affirmation indicating that she sought "attorney's fees and costs in the amount of $10,000.00."  Anderson Aff. I ¶ 5.  Once again, however, Hyman failed to include this amount in his Proposed Findings and we thus do not consider it.  In any case, the request would have to be denied because Hyman failed to submit any evidence whatsoever in support of the request for attorney's fees.  See, e.g. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983) (attorney's fee award should "normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.").

III.  CONCLUSION

Judgment should be awarded in favor of Hyman in the amount of $36,000.

---

[5]  Contrary to the amount requested in the Proposed Findings, Hyman's affidavit asserts that he is owed $43,800 for his discrimination claims, which he calculates by multiplying the $15 minimum wage "based on a 40-hour work week from April 24, 2017, the date of my termination, through October 2018, when I understand the Supermarket closed for business."  Hyman Aff. ¶ 6.  However, because this request is inconsistent with the Proposed Findings, we do not consider it.  See Scheduling Order for Damages Inquest ¶ 2 (The proposed findings must "summarize[] what damages amount (or other monetary relief) is being sought, including the exact dollar amount being sought.").  For this same reason, we do not consider a different figure that was put forth in Hyman's attorney's affirmation when a default judgment was originally sought.  See Anderson I Aff. ¶ 5.

## <u>PROCEDURE FOR FILING OBJECTIONS TO THIS</u>
## <u>REPORT AND RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of

this Report and Recommendation to file any objections.  <u>See also</u> Fed. R. Civ. P. 6(a), (b), (d).

Any objections and responses shall be filed with the Clerk of the Court.  Any request for an

extension of time to file objections or responses must be directed to Judge Daniels.  If a party

fails to file timely objections, that party <u>will not be permitted to raise any objections to this</u>

<u>Report and Recommendation on appeal</u>.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R.

Civ. P.6(a), (b), (d); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson,</u>

<u>Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 26, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

8